```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF TEXAS
                           HOUSTON DIVISION


HERBERT WILLARD MOORE,         §
TDCJ-CID NO. 1174180,          §
                               §
            Petitioner,        §
                               §   CIVIL ACTION NO. H-08-1452
v.                             §   (Consolidated with H-08-1021)
                               §
NATHANIEL QUARTERMAN,          §
                               §
            Respondent.        §
```

**MEMORANDUM OPINION AND ORDER**

Herbert Willard Moore, an inmate of the Texas prison system, filed this habeas action under 28 U.S.C. § 2254 contesting a 2003 felony murder conviction. The court notified Moore that state court records indicated that his federal habeas petition was filed more than one year after his conviction became final. Having reviewed the petition, available state records, and Moore's response (Docket Entry No. 16, "Motion for the Correction of Erroneous Information in the Court's Show Cause Order"), the court finds that Moore's habeas petition is untimely. Accordingly, this action will be dismissed under the provisions of 28 U.S.C. § 2244(d).

### I. Procedural History and Claims

After entering a guilty plea to the charge of murder, Moore was convicted and sentenced to 45 years in the Texas Department of

Criminal Justice - Correctional Institutions Division.  State v. Moore, No. 925,515 (263rd Dist. Ct., Harris County, Tex., June 2, 2003).  Moore filed a pro se notice of appeal, and the Court of Appeals for the Fourteenth District of Texas affirmed Moore's conviction.  Moore v. State, No. 14-03-00725-CR, 2004 WL 2108365 (Tex. App. -- Houston [14th Dist.] Sept. 23, 2004).  No petition for discretionary review (PDR) was filed.

Moore filed a state application for a writ of habeas corpus with the 263rd District Court of Harris County, on June 23, 2006.[1] The application was transferred to the Texas Court of Criminal Appeals on September 13, 2006, which dismissed it on October 11, 2006.  Ex parte Moore, No. 65,783-01.  See Internet Website for the Court of Criminal Appeals, http://www.cca.courts.state.tx.us/opinions.

Moore placed his petition for a writ of habeas corpus in the TDCJ-CID mail system for delivery to the Clerk of the United States District Court for the Eastern District of Texas on February 11, 2008.  Moore v. Livingston, No. 9:08cv0057 (E.D. Tex.).  See Docket Entry No. 16 at 1; Docket Entry No. 1 at 10.  Consequently, it is considered to be filed on that date.  See Sonnier v. Johnson, 161 F.3d 941, 945 (5th Cir. 1998); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998).  The Eastern District Court subsequently transferred the petition to the Southern District of Texas.  Among

---

[1]The filing date was confirmed by telephone communication with the Harris County District Clerk's Office.

the claims asserted in his petition,[2] Moore contends that he was denied the following:

1. the right to self-representation;

2. the right to be informed of the nature of the charges brought against him;

3. the right not to be subjected to unreasonable search and seizure; and

4. the right to effective assistance of counsel regarding advice about psychiatric examinations.

Docket Entry No. 1 at 7-8.

## II.  One-Year Statute of Limitations

Moore's habeas petition is subject to the Anti-Terrorism and Effective Death Penalty Act (AEDPA) provisions, which restrict the time in which a state conviction may be challenged, because the petition was filed after April 24, 1996, the date the AEDPA was enacted. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998). Under the AEDPA federal habeas petitions that challenge state court judgments are subject to a one-year limitations period as set forth by the following statutory language:

---

[2] In a Motion to Consolidate (Docket Entry No. 14) Moore states that he filed another habeas action (No. H-08-1021) and sets forth 63 trial court, trial counsel, and appellate counsel errors in support of his argument for relief. Docket Entry No. 14-1 at 4-40; Docket Entry No. 14-2 at 1-17. In a subsequent motion (Docket Entry No. 15) Moore explains that he had filed a 210-page petition in the Eastern District, which was returned to him because it violated the local rules regarding page limitations. The listed grounds for relief are comprised of allegations of alleged denials of due process and ineffective assistance of counsel at trial and on appeal.

>    (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>       (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>       (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>       (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>       (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(2).

The court is authorized to make a determination regarding the timeliness of the petition before ordering the State to use its limited resources to answer it. See Kiser v. Johnson, 163 F.3d 326, 329 (5th Cir. 1999).

As stated above, Moore's appeal was affirmed on September 23, 2004, and no further action was taken on direct review. Therefore, the conviction became final on October 25, 2004, the last day he could have filed a PDR. Roberts v. Cockrell, 319 F.3d 690, 693

(5th Cir. 2003), citing TEX. R. APP. PROC. 68.2(a).  Moore filed his state habeas application on June 23, 2006, more than one year after his conviction became final.  Consequently, any federal petition filed after the dismissal of the state habeas application would be untimely.  Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (state habeas application does not toll federal habeas limitations period if it is filed after the period expired).  Therefore, the present federal petition for a writ of habeas corpus is barred by limitations pursuant to 28 U.S.C. §  2244(d)(1)(A).

In Moore's response (Docket Entry No. 16) he contends that this court erred in stating that his state application had been dismissed by the Court of Criminal Appeals when in fact it had been denied by the Texas appellate court.  Apparently, fearing that this court would conclude that the claims are unexhausted, Moore asserts that the Court of Criminal Appeals had a fair opportunity to review the claims.  Id. at 4.  He then alleges that the courts have denied his motions for production of prior witness statements, and he argues that the denial of evidence has constituted a state-imposed impediment to presenting his claims for review.  Docket Entry No. 16 at 4.

This court has not made a finding regarding whether Moore has exhausted his claims pursuant to 28 U.S.C. § 2254.  See Alexander v. Johnson, 163 F.3d 906 (5th Cir. 1998) (AEDPA authorizes courts to deny relief on unexhausted claims although courts may not grant relief on unexhausted claims).  Instead, the court will determine

if Moore's efforts to file a federal habeas petition were illegally impeded by the state.

A state-created impediment in a habeas proceeding subject to limitations under 28 U.S.C. § 2244(d)(1)(B) is one that is illegal and actually prevents a petitioner from filing his habeas corpus petition. Arthur v. Allen, 452 F.3d 1234, 1249 (11th Cir. 2006). Generally, courts look to see if state authorities have interfered with a habeas petitioner's efforts to research, prepare, and mail his pleadings. Id. at 1250. This court will consider whether Moore faced an impediment under § 2244(d)(1)(B) that prevented him from pursuing his habeas remedy to the extent that he would be entitled to a limitations period beginning after the date his conviction became final. Id. at 1249. The court will also consider whether Moore would be entitled to equitable tolling. Equitable tolling is granted only where there are "rare and exceptional circumstances" that would make it impossible for the petitioner to file a timely habeas petition. Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998).

Moore contends that the state courts have impeded his efforts by denying him witness statements. Habeas petitioners do not have an unfettered right to conduct discovery with the hope that they will uncover some helpful issue. Rector v. Johnson, 120 F.3d 551, 562 (5th Cir. 1997), citing Perillo v. Johnson, 79 F.3d 441, 444 (5th Cir. 1996). If Moore was convinced that the witness statements contained exculpatory evidence, he should have asserted his

-6-

claim in his petition without waiting to procure the transcripts. See Flanagan, 154 F.3d at 198-99 (AEDPA's one-year limitations period was not tolled until petitioner obtained defense counsel's affidavit that supported his claim). See also Jihad v. Hvass, 267 F.3d 803, 806 (8th Cir. 2001) ("Likewise, lack of access to a trial transcript does not preclude a petitioner from commencing post-conviction proceedings and therefore does not warrant equitable tolling."), citing Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001).

It is clear that Moore's petition for a writ of habeas corpus was filed more than a year after his conviction was final, and it is untimely under the provisions of 28 U.S.C. § 2244(d)(1)(A). Moore was not subject to any state action that impeded him from filing his petition. 28 U.S.C. § 2244(d)(1)(B). There is no showing of a newly recognized constitutional right upon which the habeas petition is based; nor is there a factual predicate of the claims that could not have been discovered before the challenged conviction became final. 28 U.S.C. § 2244(d)(1)(C), (D). Further, this court does not find that Moore is entitled to equitable tolling. Therefore, this habeas action will be dismissed because it is untimely.

### III. Certificate of Appealability

A Certificate of Appealability (COA) will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard

"includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S.Ct. 1595, 1603-04 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.; Beasley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Beasley at 263, quoting Slack, 120 S.Ct. at 1604; see also Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a COA, sua sponte, without requiring further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). The court has determined that Moore has not made a substantial showing that reasonable jurists would find the court's procedural ruling to be debatable; therefore, a COA from this decision will not be issued.

### IV. Petitioner's Motions

Moore has filed a motion (Docket Entry No. 14) in which he seeks to consolidate this action with another habeas action he has

filed, No. H-08-1021.  See n.2, supra.  Although the pleadings in H-08-1021 lack a specific reference to a criminal cause number, it is evident that the two proceedings are federal habeas challenges to the same state court conviction.  See, e.g., H-08-1021, Docket Entry No. 1 at 18 (reference to trial date, June 2, 2003). Moreover, records at the TDCJ-CID website reflect that Moore is serving a 45-year sentence for only one conviction, No. 925,515, murder.  See http://168.51.178.33/webapp/TDCJ.

The motion (Docket Entry No. 14) will be granted, and No. H-08-1021 will be consolidated into this action, which had been previously filed.  The consolidated case shall be assigned to the undersigned Judge, and the petition filed in No. H-08-1021 shall be dismissed as untimely pursuant to 28 U.S.C. §  2244(d) for the reasons stated in this Memorandum Opinion and Order.  Moore's motions seeking reconsideration of a court order denying him permission to file a petition in excess of 200 pages (Docket Entry No. 15) and to correct the court's findings (Docket Entry No. 16) will be denied.

Moore has several pending motions filed in No. H-08-1021. Moore's Application to Proceed In Forma Pauperis (Docket Entry No. 12) and his motion requesting additional time to submit his pauper's application (Docket Entry No. 11) will be denied as moot because Moore has previously been granted permission to proceed as a pauper in No. H-08-1452.  Moore has also filed a Motion for

Appointment of Counsel (Docket Entry No. 7) in which he asserts that he is unable to afford counsel and has raised numerous constitutional claims for relief. The court will deny the motion because habeas corpus is a civil action, and there is no absolute constitutional right to the assistance of counsel in such proceedings in federal court. Callins v. Johnson, 89 F.3d 210, 212 (5th Cir. 1996), citing Pennsylvania v. Finley, 107 S.Ct. 1990, 1993 (1987); see also In re Joiner, 58 F.3d 143, 144 (5th Cir. 1995). Moreover, Moore has proven that he can assert his claims in his behalf.

### V.  Conclusion

Accordingly, the court **ORDERS** the following:

1. The Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED with prejudice**. 28 U.S.C. § 2244(d).

2. A Certificate of Appealability is **DENIED.**

3. The Motion to Consolidate Under the Above Cause No. 4:08-CV-01452 (Docket Entry No. 14) is **GRANTED.**

4. The Petition for a Writ of Habeas Corpus filed in Civil Action No. H-08-1021 is **CONSOLIDATED** with this action and is **DISMISSED with prejudice**. 28 U.S.C. §  2244(d).

5. The Clerk shall enter this Memorandum Opinion and Order on each docket sheet and place a copy thereof in each of these consolidated actions.

6. All other motions including those filed in No. H-08-1452 (Docket Entry Nos. 15 and 16) and those filed in No. H-08-1021 (Docket Entry Nos. 7, 11, and 12) are **DENIED.**

7.  The Clerk will provide a copy of this Memorandum Opinion and Order dismissing this action to the petitioner, and will provide a copy of the petition and this Memorandum to the respondent and the Attorney General by providing one copy to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this the 10th day of June, 2008.

                                                                        SIM LAKE
                                                      UNITED STATES DISTRICT JUDGE